OFODILE & ASSOCIATES, P.C.
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300
By    Anthony C. Ofodile
Attorneys for Plaintiff

Gary Glaser
Christie Del Rey-Cone
SEYFARTH SHAW LLP
1270 Avenue of the Americas, Suite 2500
New York, new York 10020-1801
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROHINDRANATH KANHOYE,

                                                                                     05-CV-4308 (ENV)(WDW)

                                Plaintiff,
        -against-

ALTANA INC., ROBERT FAIVRE, HELEN
CORSO, and CHARLIE TIRRANO,

                                Defendants.
-----------------------------------------------------------------x

## JOINT PRE-TRIAL ORDER

Pursuant to the Court's individual rules, Plaintiff Rohindranath Kanhoye ("Plaintiff") and Defendants ALTANA Inc.,[1] Robert Faivre, Helen Corso and Charlie Tiranno (collectively, "Defendants") submit this Joint Pre-Trial Order.

       1.     Full-Caption of the Action. The full caption of this action is as outlined above.

       2.     Identification of Trial Counsel

              a.     Plaintiff's Counsel
                      Anthony C. Ofodile, Esq.
                      Robert Winnemore, Esq.

---

[1] Altana, Inc. is now known as Nycomed U.S., Inc.

        OFODILE & ASSOCIATES P.C.
        498 Atlantic Avenue
        Brooklyn, New York 11217
        Phone: (718) 852-8300
        Fax:   (718) 852-7361

   b.     <u>Defendants' Counsel</u>

        Gary Glaser
        Christie Del Rey-Cone
        SEYFARTH SHAW LLP
        620 Eighth Avenue
        New York, New York 10018
        Phone: (212) 218-5500
        Fax:   (212) 218-5526

3.     <u>Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §2000e, <u>et seq.</u>, as well as under 42 U.S.C. § 1981, <u>et seq.</u>, as amended by the Civil Rights Act of 1991. The Court also has pendent jurisdiction over Plaintiff's claims brought under State law (the New York State Executive Law, Article 15, § 296 (Human Rights Law), and the Nassau County Administrative Code, Title C-2, § 21-9.8.

4.     <u>Summary of Claims and Defenses</u>

   a.     <u>Plaintiff</u>- (i) Plaintiff claims that he was given a final written warning which was motivated by retaliation for his complaining about what he honestly believed to be discrimination in pay and a retaliatory discriminatory evaluation; and (ii) that his employment was pretextually terminated in retaliation for his complaining about discrimination. Plaintiff claims that he lost wages and suffered emotional distress as a result of the retaliation he was subjected to. Plaintiff is also seeking punitive damages against the defendants for the intentional retaliation against him for exercising his "constitutionally" protected right to protest discrimination and to seek to remedy same.

Plaintiff asserts that the after acquired evidence defense is inapplicable because (i) the "but for rule" applies here (*Paolitto v. John Brown E &C, Inc,, 151 F.3d 60, 68 (2d Cir. 1998)*; *Banks v. Travelers Companies, 180 F.3d 358, 363 (2d Cir. 1999) Clarke v. OneSource, Inc., 2002 U.S. Dist. LEXIS 21195 (2002 S.D.N.Y.)* (ii) it was not pleaded before and plaintiff had no opportunity to do discovery on it; (iii) is not a proper subject to be tried in this case because it is not relevant and even if relevant, it's prejudicial effect outweighs it's probative value, among other reasons, (iv) Plaintiff also asserts that because Mr Davis stated that he only reported the alleged threats to Altana and would not have done so had Mr. Kanhoye not been terminated, that if the jury finds that retaliation played a motivating role in his termination, that as a matter of law, the Judge should dismiss the claim of after acquired evidence as it relates to the alleged threats made, (v) Plaintiff also states that the defendants could not show that they would have terminated Plaintiff based on the alleged after acquired evidence as they cannot show that they terminated other employees in similar circumstances. Finally, Plaintiff asserts that Defendants created an environment which encouraged employees to lie to them in order to curry favor or be in the good books of the corporation and for that reason, employees were always making up allegations to please Management.

Plaintiff requests that the after acquired evidence trial be done after trial on liability and damages due to its prejudicial effect.

  b.  <u>Defendants</u>

Defendants assert that there is no basis for Plaintiff to establish any unlawful motivation for any of Plaintiff's claims and that, in fact, any and all actions by Defendants were based solely on non-discriminatory, legitimate business reasons.[2]

---

[2] Defendants also assert that in light of this Court's Memorandum and Order on summary judgment, Defendant Tiranno should be dismissed as a named defendant. (Memorandum &

3

(i) Plaintiff alleges that he was subjected to retaliation in his warning and termination, after he raised the issue about a pay increase for his lateral transfer in 2001. Instead, both actions were solely grounded in legitimate, non-discriminatory bases. First, after ALTANA fully investigated and addressed Plaintiff's pay raise issue, he openly refused to accept the Company's findings, began to vocally disparage his supervisors, made physically threatening remarks towards ALTANA's management, and engaged in a tirade of threats and profanity that was directed at his managers and co-workers, all of which legitimately lead ALTANA to give Plaintiff a Final Warning on February 7, 2005. Second, in May 2005, ALTANA received a complaint that Plaintiff was harassing another co-worker, and that this employee felt threatened by Plaintiff. ALTANA immediately investigated the co-worker's complaint, and Plaintiff admitted that he may have "talked trash" with his co-workers, but apologized thereafter. ALTANA determined that Plaintiff's behavior was in violation of his Final Warning and terminated Plaintiff's employment on May 18, 2005.

(ii) After-acquired evidence bars Plaintiff's claims for back pay, front pay, benefits and reinstatement. McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362 (1995). Plaintiff admitted that he lied on his job application when he stated that his employment ended because the company relocated, when in fact he was discharged following a physical altercation with a co-worker. Also, Defendants learned the day after the termination of Plaintiff's employment that Plaintiff stated to a colleague that he would kill his supervisors if his employment was terminated, causing ALTANA to hire armed security for its facilities, and offer protective services to those supervisors. Further, Defendants subsequently learned that Plaintiff

_____

Order, at 4 n.2.) Thus, insofar as the only remaining causes of action sound in retaliation, and the Court expressly found that Defendant Tiranno was not alleged as a party to either the allegedly retaliatory issuance of the Final Warning, or the termination, it is respectfully submitted that Defendant Tiranno should be dismissed as a named party defendant.

continued his threatening conduct directed toward the same co-worker who hyad complained about harassment by Plaintiff, long after his termination – indeed, two years later.

The cases cited to by Plaintiff, above, are inapposite to the facts of this case. Plaintiff references the "but-for" test, however the cases he cites do not address after-acquired evidence, but rather the standard for establishing a discriminatory motive. The proper inquiry, in determining whether the remedies Plaintiff seeks are barred, is whether Defendants can establish that the conduct "would have lead to termination on legitimate grounds had [ALTANA] known about it." Id. at 362. So long as the information was discovered after Plaintiff's termination, the doctrine of after-acquired evidence applies. Lewis v. Sugar Creek Store, 1996 U.S. Dist. LEXIS 17565 (W.D.N.Y. 1996). Given the gravity of Plaintiff's actions, his inappropriate actions undoubtedly would have been legitimate grounds for his termination.

Plaintiff had more than a sufficient opportunity to address the after-acquired evidence during the discovery on this action. Defendants learned of Plaintiff's serious misrepresentation on his resume during Plaintiff's deposition. Presumably, this is also when Plaintiff's counsel learned such fact. Thus, both parties had ample time to pursue discovery on this issue. Moreover, Plaintiff's threats towards his supervisors have been a subject of this action since the beginning of discovery. Indeed, memoranda addressing these threats were produced to Plaintiff months before discovery ended. Moreover, despite Plaintiff's last-minute depositions of Defendants' witnesses, Plaintiff's counsel deposed several witnesses regarding these threats.

5. <u>Jury Trial</u>

<u>Plaintiff</u> - Demands a Jury Trial of this case.

Defendants - Defendants object to a trial by jury on Plaintiff's equitable claims, claims for back pay and front pay, and all other issues as to which a jury is not permitted as of right, as a matter of law.

6.  Trial By Magistrate Judge

The parties have not consented to a trial by a Magistrate Judge.

7.  Agreed Facts

Plaintiff worked for ALTANA from August 3, 1998 to May 19, 2005. His title when he was terminated was Sterile Compounder. Plaintiff's pay grade did not change when he was transferred from the Compounding department to the Sterile Compounding department. In the Fall 2004, Plaintiff complained that he was not given a raise which he believed was promised to him by Phil Hammer when he joined the Sterile Compounding department. ALTANA investigated Plaintiff's complaint, and Plaintiff did not agree with the results of the investigation. Plaintiff was given a Final Warning, dated February 7, 2005. Mr. Kanhoye refused to sign his 2004 Performance Appraisal. Plaintiff's employment was terminated on May 19, 2005.

8.  Witnesses

   a.  Plaintiff-

      (1)  Randy Kanhoye

      (2)  Michael Miller

      (3)  Marcia Jones

      (4)  Rob Moore

      (5)  Phil Hammer

      (6)  Noel Ramsammy

      (7)  Helen Corso

  (8)  Bob Faivre

  (9)  Charlie Tirano

  (10) Scott Mizwa

  (11) Bruce Cordes

  (12) Gene Davis

  (13) Paul Dilosa

  (14) Kim Kanhoye (Plaintiff's wife)

  (15) Shantana Kanhoye (Plaintiff's mother)

  (16) Rosemary Kanhoye (Plaintiff's sister)

  (17) Mitch Kanhoye (Plaintiff's brother)

  (18) Joseph Kanhoye (Plaintiff's father)

  (19) Kurtis Gajadhar

  (20) Sabrina Bhowanidin

b. <u>Defendants</u> Defendants anticipate calling the following witnesses at trial:

 1. Helen Corso

 2. Robert Faivre

 3. Charles Tiranno

 4. Mindy R. Kirsch

 5. Paul McGarty

 6. Scott Mizwa

 7. Colleen Bayer

 8. Philip Hammer

 9. Paul Contri

10. Paul Diolosa

11. Eugene Davis

12. Noel Ramsammy

13. Bruce Cordes

14. Robert Moore

15. John Ferraro

16. Sarina Tomel

17. Gary Price

18. Arun (Kevin) Ranglall

19. Genalise Emile

20. Betrice Wilfred

Plaintiff objects to defendant's witnesses that were not identified in their Rule 26 Disclosure. Plaintiff also objects to the calling of witnesses who were noticed for deposition but were not produced for their noticed depositions.

Defendants object to Plaintiff's witnesses that were not identified in his Rule 26 Disclosures.

9. <u>Deposition Testimony</u>

   a. <u>Plaintiff</u>: Plaintiff intends to offer in his case in Chief, certain portions of the deposition testimonies of the following officers of the defendant corporation: Scott Mizwa Phil Hammer, Bob Faivre, Bruce Cordes. Plaintiff will also use these Defendants' representatives' deposition testimonies to impeach their credibility or refresh their recollection on as needed basis.

b.  <u>Defendants</u>: Defendants intend to offer Plaintiff's deposition testimony to the extent necessary to impeach Plaintiff's trial testimony or refresh Plaintiff's recollection during trial. If necessary, Defendants may also offer the deposition testimony of the following non-party witnesses: Philip Hammer, Bruce Cordes, Scott Mizwa, Noel Ramsammy, and Eugene Davis.

10.  <u>Exhibits</u>[3]

a.  <u>Plaintiff</u>[4]

1.  Defendant's Responses to Plaintiff's First Set of Interrogatories*
2.  Defendant's Responses to Plaintiff's First Request for the Production of Documents*
3.  The Final Warning Issued to Plaintiff*
4.  The Letter of Termination Issued to Plaintiff*
5.  Plaintiff's Yearly Evaluations from 2000 to 2004*
6.  Gene Davis' 2004 Evaluation
7.  Selected portions of the taped conversation between Phil Hammer and Randy Kanhoye (with attendant portion of the transcript).
8.  Selected portions of the taped conversation between Phil Hammer, Scott Mizw, Bob Faivre and Randy Kanhoye (with attendant portion of the transcript).
9.  Selected portions of the taped conversation between Phil Hammer, Bob Faivre and Randy Kanhoye (with attendant portion of the transcript)
10. Altana's Progressive Discipline Policy Bates Stamped ALT000057*
11. Problem Resolution – One paged document Bates Stamped ALT000058*
12. Document bates stamped ALT0000323 (Memo dated Febrary 7, 2005)*
13. Document bates stamped ALT0000324 (handwritten version of 12).
14. Document bates stamped ALT0000330-331 (handwritten notation of meeting on evaluation with Kanhoye).
15. Document bates stamped ALT0000 326 dated 1/19/05 to file by Bob Faivre*
16. Document bates stamped ALT0000327 dated 1/19/05 To file by Bob Faivre*
17. Document bates stamped ALT0000338-39 dated September 2, 2004 Re: Conversation with Randy/Rob Moore by Scott Mizwa*
18. Document bates stamped ALT0000334 dated October 19, 2004 Re: Conversation with Randy Kanhoye and Bob Faivre by Scott Mizwa*

---

[3] Please note that (*) indicates exhibits to which no party objects on grounds of authenticity.
[4] Plaintiff reserves the right to add or make changes to his list of exhibits if the Court allows the Defendants to add to or change their exhibit list.

19. Document bates stamped ALT000337 dated September 21, 2004 Re; Conversation with Randy Kanhoye by Scott Mizwa*
20. Pages of Plaintiff's diaries produced to Defendants during discovery.
21. Various documents relating to Plaintiff's search for other employment.
22. Relevant pages of the defendant's deposition transcripts.
Plaintiff will add to and or modify his portions of the JPO upon reviewing defendants' portions.
23. Document bates stamped ALT000528. (Memo dated May 20, 2004, Re: conversation with Dorreen Passarella)
24. Document bates stamped ALT000529. (Memo dated May 20, 2004, RE: conversation with Ted Wett/Linda Carlock).
25. Document bates stamped ALT000527. (Memo dated May 20, 2004, RE: Conversation with Miriam River)
26. Document bates stamped ALT000526. (Memo dated May 20, 2004, RE: Conversation Christine Schotker)
27. Document bates stamped ALT000525. (Memo dated May 20, 2004, RE: Conversation Pilar Mejia)
28. Document bates stamped ALT000524. (Memo dated May 20, 2004, RE: Conversation Elida Archer)
29. Document bates stamped ALT000510. (Notes dated June 3, 2004, Tedd Wetts notes of warning's Wett gave to Archer)
30. Document bates stamped ALT000511. (Dated May 21, 2004, Employee Warning Report to Elida Archer, signed on June 3, 2004)
31. Document bates stamped ALT000509. (Dated May 27, 2004, Elida Archer's response to Employee warning report)
32. Document Dated, May 19, 2005, Memo Re: conversation with Christine Schotker on work environment in manufacturing.
33. Document Dated. May 19, 2005 Memo Re: conversation with Terrie Sparacino)
34. Document Dated. May 19, 2005 Memo Re: conversation with Annemarie shaw on work environment in Manufacturing)
35. Document bates stamped ALT000506. (Dated. May 19, 2005 Memo Re: conversation with Victor Chiquitucto on work environment in Manufacturing)
36. Document bates stamped ALT000507. (Dated. May 19, 2005 Memo Re: conversation with Monica Marin on work environment in Manufacturing)
37. Document bates stamped ALT000504. (From Linda Carlock to Elida Archer, written warning regarding interpersonal relationship to Elida )
38. Dated June 2, 2005, (Response to written warning from Elida Archer to Scott Mizwa)
39. Document bates stamped ALT000502. (Dated June 16, 2005, Re: Response to Written Warning for Interpersonal Relationships / Meeting Request)
40. Document bates stamped ALT000517. (Dated February 15, 2006, e-mail from Linda Carlock to Mizwa with attachment)

41. Document bates stamped ALT000516. (Dated February 16, 2006, e-mail from Linda Carlock to Mizwa)
42. Document bates stamped ALT000515. (Dated February 16, 2006, e-mail from Linda Carlock to Mizwa)
43. Document bates stamped ALT000545 and ALT000546. (Dated March 9, 2006, e-mail from Linda Carlock to Mizwa with attachment labeled 3-8-06, and printout of attachment).
44. Dated February 4, 2003 (Grievance from David Kulberg to Mindy Kirsch)
45. Document bates stamped ALT000658. (Dated February 13, 2003, Interoffice Memorandum, From Dave Klaum to Anne Schember entitled poor judgment)
46. Documents bates stamped ALT000656 and ALT000657. (Dated February 15, 2007, Written warning by David Klaum to Anne Marie Schember)
47. Documents bate stamped ALT000592 and ALT000593. (Dated June 26, 2002, Incident investigation memo, from R. Faivre to File)
48. Documents bate stamped ALT000583. (Dated January 9, 2003, Carol James verbal employee warning report)
49. Documents bates stamped ALT000584-ALT000585. (Dated October 31, 2002, e-mail from Mindy Kirsch to Bob Faivre)
50. Document bates stamped ALT000586. (Dated October 31, 2002, e-mail from Helen Corso to Mindy Kirsch)
51. Document bates stamped ALT000581. (Dated April 29, 2003, from Memorandum from R. Faivre to file)
52. Document bates stamped ALT000580. (Dated April 29, 2003, Memo from J. Sulin to File)
53. Document bates stamped ALT000522. (November 8, 2004, Re: conversation with Linda Carlock about Elida's issue with Maura)
54. Document bates stamped ALT000523. (November 8, 2004, Re: Conversation with Elida Archer about issue with Maura)
55. Document bates stamped ALT000519. (November 11, 2004, Re: Follow up conversation with Elida)
56. Document bates stamped ALT000520. (November 11, 2004, Re: Conversation with Linda Carlock and David Whittaker about Elida's issue with Maura)
57. Document bates stamped ALT000521. (November 11, 2004, Re: Conversation Maura turner about Elida's Issue)
58. Documents bates stamped ALT000625 and ALT000626. (March 10, 2006, Letter from Colleen Bayer to file RE: Race Robinson)
59. Document bates stamped ALT000623. (March 13, 2006, email from Louis Deniro to Colleen Bayer regarding conversation with Raven)
60. Document bates stamped ALT000624. (March 17, 2006, Employee Warning Report to Racynee Robinson)
61. Documents bates stamped ALT000621, ALT000622. (March 20, 2006, email from Louis DeNiro to Colleen Bayer regarding Racynee Robinson and warnings)

Case 2:05-cv-04308-ENV-WDW   Document 71   Filed 03/11/10   Page 12 of 16
Case 2:05-cv-04308-ENV-WDW   Document 68   Filed 02/11/10   Page 12 of 16

62. Documents bates stamped ALT000666, ALT000667. (September 15, 2006, investigating incident between Patrick Sullivan and Gregg Tilger)
63. Document bates stamped ALT000668. (September 20, 2006, Re: Patrick Sullivan)
64. Document bates stamped ALT000669. (September 25, 2006, Re: Patrick Sullivan interactions with Shayne Coleman)
65. Document bates stamped ALT000573. (November 8, 2006, Discussion initiated by Edmund Mcrae with Carol Lumus signed on November 9, 2006)
66. Document bates stamped ALT000578. (November 10, 2006, Incident with John Figueroa, Conversation with Phil hammer)
67. Document bates stamped ALT000557. (November 13, 2006, Incident with John Figueroa, Conversation with Milena Peros)
68. Documents bates stamped ALT000574, ALT000575, ALT000576. (November 13, 2006, Incident with John Figueroa, Conversation with Lanita Teekaram et. al)
69. Document bates stamped ALT000572. (November 20, 2006, Final Written Warning and suspension)
70. Documents bates stamped ALT000661, ALT000662, ALT000663 (January 30, 2007, Memo from Sarina Tomel to File, re: Patrick Sullivan & Shermmice Free incident)
71. Document bates stamped ALT000662. (January 30, 2007, conversation with Phil Hammer)
72. Documents bates stamped ALT000664 and ALT00665. (February 2, 2007, notes by R. Faivre regarding Patrick bumping into Shermice)
73. Document bates stamped ALT000663. (February 7, 2007, notes by Sarina Tomel on Patrick Sullivan)
74. Document bates stamped ALT000660. (March 12, 2007, follow up conversation with Joann Sulin)
75. Document bates stamped ALT000549. (October 24, 2002, Michael Grant Termination)
76. Document bates stamped ALT000550. (October 24, 2002, Memo From C. Pedian to File RE: Michael Grant)
77. Document bates stamped ALT000551. (April, 23, 2002, Employee Warning Report for Michael Grant)
78. Document bates stamped ALT000552. (April11, 2001, Employee Warning Report for Michael Grant)
79. Document bates stamped ALT000553. (April, 6, 2001, Memo From C. Pedian to File RE: Michael Grant)
80. Document bates stamped ALT000554. (April, 6, 2001, Memo From M. Kirsh to File RE: Michael Grant)
81. Document bates stamped ALT000555. (June 2, 2000, Memo From R. Faivre to File RE: Michael Grant)
82. Documents bates stamped ALT000556 and ALT000557. (June 24, 1998, Memo From R. Faivre to File RE: Michael Grant)

83. Document bates stamped ALT000558. (July 2, 1998, Letter from Michael Grant)
84. Document bates stamped ALT000559. (June 24, 1998, Employee Warning Report for Michael Grant)
85. Document bates stamped ALT000560. (April 16, 1998, Memo From J. Sulin to Personnel File RE: Michael Grant)
86. Document bates stamped ALT000561. (April 1, 1998, Memo From R. Faivre to File RE: Michael Grant)
87. Document bates stamped ALT000562. (July 7, 1997, Memo From R. Faivre to File RE: Michael Grant)
88. Document bates stamped ALT000563. (July 6, 1997, Formal Complaint from Racynee Robinson to Altana RE: Michael Grant)
89. Document bates stamped ALT000564. (July 8, 1997, Memo From R. Faivre to M. Grant)
90. Document bates stamped ALT000565. (May 30 1997, Memo From R. Faivre to File titled Counseling Session RE: Michael Grant)
91. Documents bates stamped ALT000566 and ALT000567. (November 24, 1999, Performance Appraisal and comment)
92. Document bates stamped ALT000568. (April 18, 2002, e-mail from Mindy Kirsch to Bob. Faivre RE: Michael Grant)
93. Document bates stamped ALT000569. (May 23 2001, Memo From M. Kirsh to File RE: Michael Grant)
94. Raohindranath Kanhoye, paystubs from 1999, 2002-2005
95. Kanhoye's Tax returns and W-2s from IRS for the years 2005 through 2009, marked as Exhibits 95(a) through 95(e).
96. Internet Job search Efforts for Randy Kanhoye
97. Documents (to be received from Altana) showing hourly wage Plaintiff would have been making had his employment not been terminated/

    b.    Defendants[5]

| Description | Bates No. |
|---|---|
| Plaintiff's Application, dated 7/8/98* | ALT000029 – ALT000032 |
| Annual Merit Increase Summary* | ALT000239 |
| Plaintiff's 2004 Evaluation* | ALT000013 |
| Plaintiff's 2003 Evaluation* | ALT000014 |
| Plaintiff's 2002 Evaluation* | ALT000015 |
| Plaintiff's 2001 Evaluation* | ALT000016 |
| Plaintiff's 2000 Evaluation* | ALT000017 |

---

[5] Defendants note that they have made a good-faith effort to list all anticipated exhibits below. However, this task was complicated by many of the case files being stored off-site and the office move of Defendants' counsel a few years ago while the matter was pending before the Court. As a result, Defendants respectfully reserve the right to supplement this list if necessary once all files have been located.

13

| | |
|---|---|
| Plaintiff's 1999 Evaluation* | ALT000018 |
| Plaintiff's 1998 Evaluation* | ALT000019 |
| Internal Job Application, dated 8/10/99 | ALT000043 |
| Internal Job Application, dated 5/15/00 | ALT000042 |
| Memo regarding Classified Ad, dated 10/27/99 | ALT000044 |
| Above and Beyond program summary* | ALT000441 – ALT000444 |
| Final Warning, dated 2/7/05* | ALT000022 |
| Plaintiff's handwritten notes | 0468 – 0501 |
| Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories* | |
| Plaintiff's Objections and Responses to Defendants' First Request for the Production of Documents* | |
| Selected portions and/or transcripts of the tape recordings by Plaintiff | |
| Letter of Termination, dated May 19, 2005* | ALT000020 – ALT000021 |
| E-mail, dated 5/18/05, from S. Mizwa to H. Corso | ALT000071 |
| Memo. Dated 5/25/05, from Colleen Bayer to File | ALT000295 |
| Memo. Dated 5/25/05, from Colleen Bayer to File | ALT000296 |
| Memo. Dated 5/24/05 | ALT000297 |
| Memo. From Colleen Bayer to File | ALT000298 |
| Memo. Dated 5/19/05, from Colleen Bayer to File | ALT000315 |
| Memo. Dated 5/13/05, from Colleen Bayer to File | ALT000317 – ALT000319 |
| Memo. Dated 5/11/05, from Colleen Bayer to File | ALT000320 – ALT000321 |
| Memo. Dated 5/19/05, from Colleen Bayer to File | ALT000316 |
| Memo. Dated 2/7/05, to file (with handwritten notes) | ALT000323 – ALT000324 |
| E-mail, dated 1/25/05 from S. Mizwa to C. Tiranno | ALT000325 |
| Memo. Dated 1/19/05, from R. Faivre to File | ALT000326 |
| Memo. Dated 1/19/05, from R. Faivre to File | ALT000327 |
| Memo. Dated 1/19/05, from S. Mizwa to File | ALT000328 – ALT000329 |
| Handwritten Notes | ALT000330 – ALT000331 |
| Memo. Dated 1/18/05, from S. Mizwa to File | ALT000332 – ALT000333 |
| Memo. Dated 10/19/04, from S. Mizwa to File | ALT000334 |
| Email, Dated 9/27/04, from S. Mizwa to R. Faivre | ALT000335 |
| Memo. Dated 9/21/04, from S. Mizwa to File | ALT000336 |
| Memo. Dated 9/21/04, from S. Mizwa to File | ALT000337 |
| Memo. Dated 9/2/04, from S. Mizwa to File | ALT000338 – ALT000339 |
| E-mail, dated 1/25/05 from S. Mizwa | ALT000358 |
| E-mail, dated 1/25/05 from C. Tiranno to S. Mizwa | ALT000358 – ALT000359 |
| Memo. Dated 9/8/06 from C. Bayer to File | ALT000462 |
| Workplace Violence Prevention Policy | ALT000124; 0275 |
| "Yes We Can" Guidelines | ALT000286 |
| Plaintiff's Acknowledgement Forms | ALT000033 – ALT000037 |
| Plaintiff's Charge of Discrimination, dated 9/8/05 | 0453 |
| Plaintiff's Initial Disclosures, dated 12/20/05* | |
| Plaintiff's Personnel File | ALT000001 – ALT000045 |

| | |
|---|---|
| Email, dated 5/4/05, from S. Tomel to G. Price | ALT000046 |
| Sexual and Other Unlawful Harassment policy* | ALT000055 – ALT000056 |
| Job Title/Grade Chart | ALT000064 |
| ALTANA Employee Handbook* | ALT000065 – ALT000074 |
| Attendance Sheet For CGMP and S.O.P. Training | ALT000224 |
| Salary Planning Worksheets | ALT000240 – ALT000245 |
| E-mail, dated 9/19/05, from M. Bodamer to K. Doykos regarding YWC awards that went to R. Kanhoye | ALT000288 |
| Documents related to Yes We Can program | ALT000290 – ALT000292 |
| Memo regarding Plaintiff's 5/2/005 call to P. McGarty | ALT000311 |
| Salary Planning guidelines and instruction documents | ALT000414 |
| Job Description – Sterile Compounder | ALT000432 |
| Management Development Training Program Summaries | ALT000457 – ALT000460 |
| Plaintiff's Pay Stub from Constance Food Group, Inc. | 0031 |
| Plaintiff's Earning Statements | 0277 |
| Plaintiff's Tax Returns for 1998 – 2009 | |
| Documents produced by Plaintiff during discovery | 0001 – 0501 |
| Documents produced by Defendants during discovery | ALT000001 – ALT000728 |
| Documents produced by Defendants relating to its after-acquired evidence defense | |

11. Length of Trial

The parties estimate that it will take 5 days to try the case.

Respectfully submitted,

Dated: February 11, 2010
Brooklyn, New York

OFODILE & ASSOCIATES, P.C

By: s/ Anthony C. Ofodile
Anthony C. Ofodile
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300
Attorneys for Plaintiff

Dated: February 11, 2010
New York, New York

SEYFARTH SHAW LLP

By: s/ Gary Glaser
Gary Glaser
Christie Del Rey-Cone
620 Eighth Avenue
New York, New York 10018
Attorneys for Defendants

3/10/10 The parties agree that other than the retaliation claim and the defense of after-acquired evidence, there are no other claims or causes of action to be tried.

So Ordered:

_____  **MAR 10 2010**
The Honorable Eric N. Vitaliano