UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ROHINDRANATH KANHOYE,

                                                      05-CV-4308 (LDW)(WDW)


                              Plaintiff,

              -against-                               **NOTICE OF MOTION IN LIMINE**

ALTANA INC., ROBERT FAIVRE, HELEN
CORSO, and CHARLIE TIRRANO,
                              Defendants.
---------------------------------------------------------------x

      PLEASE TAKE NOTICE, that Plaintiff will move before the Honorable Eric N.

Vitaliano, United States District  Judge, Eastern District of New York, 225 Cadman Plaza East,

Brooklyn, N.Y. 11201 on Monday, June 7, 2010,  at 9: 00 a.m, or so soon thereafter as Counsel

for the parties may be heard, for an Order, which would among other things, (1) sever the trial of

the liability and remedies portion of this case, (2) limiting the type of testimonies Defendants

may offer during the remedies portion of the claim on the after acquired evidence relating to

plaintiff's alleged statements regarding the actions he would take if terminated, (3) preventing

Defendants from asserting the defense of after acquired evidence relating to plaintiff's inaccurate

information on his application for employment, (4) allowing the jury to award back wages until

at least the date of trial if defendants prevail on the after acquired evidence unless defendants

proved that they would have found out the after acquired evidence without retaliating against

Plaintiff for his Title VII claims, (5) precluding the assertion of after acquired evidence under

New York State Human Rights Law, (6) precluding Defendants or any witness during the trial of

this case from making any statement relating to the alleged relationship between plaintiff and a

former employee of defendant corporations, (7) preventing defendants from alleging or arguing

that Plaintiff did anything wrong or violated Defendants policies when he complained about his

treatment, and (8) preventing Defendants from calling anyone not disclosed in the rule 26

Disclosure.


Dated: Brooklyn, New York
       April 28, 2010

                                    OFODILE & ASSOCIATES, P.C.

                              By: /s/ /b/ Anthony C. Ofodile
                                    Anthony C. Ofodile Esq. (AO-8295)
                                    Attorney for Mr. Kanhoye
                                    498 Atlantic Avenue
                                    Brooklyn, New York 11217
                                    (718) 852-8300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROHINDRANATH KANHOYE,

                                   05-CV-4308 (LDW)(WDW)

                           Plaintiff,

         -against-

ALTANA INC., ROBERT FAIVRE, HELEN
CORSO, and CHARLIE TIRRANO,
                         Defendants.
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

### ISSUE 1

### THE LIABILITY AND REMEDIES PORTION OF THE CASE SHOULD BE TRIED SEPARATELY

In an employment discrimination case, after acquired evidence is totally irrelevant to the question of whether or not Plaintiff was discriminated against or retaliated against. Such evidence is not admissible during the trial of an employment discrimination case. Appeal Courts have warned that trial judges should fashion out remedies in such a way so as not to affect the right which the legislature has conferred on the Plaintiff. Evidence of after-acquired evidence should not be admitted during the liability phase of an employment discrimination case because of its prejudicial effect See *Mardell v. Harleysville Ins*. Co., 31 F.3d 1221 (3rd Cir 1994). One way to avoid the injustice that would result by the admission of irrelevant evidence which has no probative value on whether Defendant discriminated or not is to try the liability and remedies portion separately. This way, defendant may not in a perverse and roundabout way escape liability in a discrimination claim by introducing after acquired evidence which has no relevance

1

to the claim being tried.


## ISSUE 2

### DEFENDANTS SHOULD BE LIMITED TO THE TYPE OF TESTIMONY TO OFFER ON THE AFTER ACQUIRED EVIDENCE

The testimony which Defendants plan to offer to the effect that they hired armed guards to guard their houses and the factory as a result of the allegation that Plaintiff threatened to kill senior management if terminated, is so explosive and prejudicial that it would taint the whole trial. Because the primary issue before the jury is whether or not Defendants retaliated against Plaintiff, allowing such testimony, especially in light of defendant managers' testimonies that Plaintiff had always been professional in his dealings with them would be too prejudicial and would not allow the jury to focus on the issues.


## ISSUE 3

Because defendants admitted that they did not check resumes and did not terminate any employees as a result of what is contained in their resumes, at least not before 2002, defendants should not be allowed to assert after acquired evidence relating to the alleged inaccurate information in Plaintiff's application for employment.

The law requires that Defendants prove not that they could have or may have terminated plaintiff, but that they would have done so solely as a result of the inaccuracy in the application. As defendants admitted that they never had a policy at the time plaintiff applied and never even checked the accuracy of what was in the resume and never terminated anyone at the relevant

time, Defendants have not produced any evidence requiring the issue to be introduced to the jury. See *Sheehan v. Donlen Corp*., 173 F.3d 1039 (7th Cir. 1999).

Furthermore, the law requires that the misrepresentation be material and job related to avoid defeating the purpose of Title VII.. See  *Wallace v. Dunn Construction Company, Inc*., 968 F.2d 1174 (11th Cir. 1992). In this case, the alleged resume inconsistency wherein plaintiff asserted that the prior company moved but in fact was terminated for an altercation with another employee where he was not the aggressor is not material to his job which required manual labor.


ISSUE 4

 If defendants prove the after acquired evidence, then based on the remedial and public purpose behind the enactment of Title VII, the jury should be allowed to award back wages up to the date of trial in fashioning a proper remedy which takes into consideration the public purpose and the societal interest in eradicating discrimination. See *Mardell v. Harleysville Ins*. Co., 31 F.3d 1221 (3rd Cir 1994) See *also Wallace v. Dunn Construction Company, Inc.*, 968 F.2d 1174 (11th Cir. 1992). Without fashioning this type of remedy to allow the jury to award back wage wages until at least the date of trial if defendants prevail on the after acquired evidence unless defendants proved that they would have found out the after acquired evidence without retaliating against Plaintiff for his Title VII claims would put a protected plaintiff in a worse position than if he was not protected as the above cases reasoned


ISSUE 5

Plaintiff brought claims also under New York State Human Rights law and the statutory

3

language does not make provision for the defense of after acquired evidence for limiting

damages. Furthermore, Counsel is not aware of any state court cases that have used the judge

created theory of after acquired evidence to limit remedies available under state law. Therefore,

even if Defendants are allowed to assert the defense of after acquired evidence under federal law,

they should not be allowed to assert same under state law.


ISSUE 6

 During the discovery phase of this case, there were allegations that plaintiff, who was

married, was dating a white co-worker. Such testimony should not be allowed to be introduced

because they are totally irrelevant and the prejudicial effect outweighs any probative value.


ISSUE 7

Because defendant corporation and its senior management testified that Plaintiff did

nothing wrong in complaining about what he believed to be discrimination and did not violate

any of the defendants policies while complaining, Defendants should not be allowed to assert at

trial that they terminated him because he was disruptive or violated any of the policies of

Defendants by complaining about what he believed to be discrimination.


ISSUE 8

Defendants should be precluded from offering the testimony of anyone who was not

disclosed in their Rule 26 Disclosure.


4

Dated: Brooklyn, New York
      April 28, 2010

                                        OFODILE &ASSOCIATES, P.C.

                                        By_____S/b_____

                                        Anthony C Ofodile, Esq. (AO-8295)